UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| X LIMITED LIABILITY COMPANY, d/b/a X HYDRATION,<br><br>*Plaintiff,*<br><br>v.<br><br>PRIME HYDRATION LLC,<br><br>*Defendant.* | Civil Action No. 24-cv-04151<br>JURY DEMAND |

## COMPLAINT

Plaintiff, X Limited Liability Company, d/b/a X Hydration ("X Hydration"), for its Complaint against Defendant, Prime Hydration LLC ("Prime" or "Defendant") states and alleges as follows:

## NATURE OF ACTION

1. X Hydration brings this action against Defendant seeking an injunction, damages, and other equitable relief for Defendant's willful trademark infringement and unfair competition. This action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

2. As a direct and proximate result of Defendant's willful infringement of X Hydration's trademarks, X Hydration has suffered irreparable harm and will continue to suffer irreparable harm unless and until Defendant is enjoined from further infringement by this Court.

1

## PARTIES

3. Plaintiff X Hydration is a Minnesota limited liability company and has its principal place of business located at 17066 Georgetown Ct., Rosemount, MN 55068. X Hydration is a nationwide provider of premium hydration beverage products.

4. Upon information and belief, Defendant Prime Hydration LLC is a Delaware limited liability company with its principal place of business located at 2858 Frankfort Ave, Louisville, KY 40206.

5. Upon information and belief, Defendant sells its products at issue in this case throughout the United States, including in this judicial district.

6. Upon further information and belief, Defendant sells and offers to sell products at issue in this case through a fully interactive website maintained at https://drinkprime.com/ to customers in this judicial district and throughout the United States.

7. Upon further information and belief, Defendant is the operator of the website https://drinkprime.com/.

## JURISDICTION AND VENUE

8. This action arises under the Lanham Act, 15 U.S.C. § 1051, *et seq*. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121.

9. This Court has personal jurisdiction over Defendant because, among other reasons, Defendant regularly conducts business in this judicial district, has purposefully directed infringing acts to this district, and/or has otherwise availed itself of the privileges

and protections of the laws of the State of Minnesota, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

10. Among other things, Defendant has advertised, offered to sell, and sold products that infringe X Hydration's trademarks within the District of Minnesota. On information and belief, Defendant maintains a website at https://drinkprime.com/, on which Defendant has advertised, offered to sell, and sold infringing products.

11. Venue is proper in this district under the provisions of 28 U.S.C. §§ 1391(b) and (c), and 1400(b) because, among other reasons, Defendant's infringing acts that give rise to the claims have occurred in this judicial district and have been directed to citizens of this judicial district. Both parties do business in this District and a substantial part of the events giving rise to the claims in this case occurred in this District. X Hydration sells its beverages directly to consumers in this District and has launched campaigns directed at consumers in the state of Minnesota. Among other activities in this District, Prime Hydration sells its Prime hydration beverages through retailers in this District, including the large Minnesota-based retailer Target, and others like Walgreens, Walmart, and Dicks Sporting Goods.

## X HYDRATION AND ITS INTELLECTUAL PROPERTY

12. X Hydration is a Minnesota-based nationwide provider of premium hydration beverages marketed and sold under X Hydration's federally registered and common law trademarks.

3

13. Since at least as early as April 2024, and before the acts of Defendant alleged herein, X Hydration has continuously and prominently used the federally registered X HYDRATION trademark and X logo trademark in connection with premium sports drinks.

14. X Hydration is the owner of two federally registered trademarks on the United States Patent and Trademark Office's ("USPTO") Principal Register covering X Hydration's premium sports drink products ("the X Hydration Trademarks"), which have been in continuous use in interstate commerce by X Hydration since at least as early as April 2024:

| Mark | Registration No. | Registration Date | Priority Date | Goods/Services |
|---|---|---|---|---|
| X HYDRATION | 7508359 | 9/17/2024 | 2/7/2022 | IC 032: Sports drinks; Sports drinks, namely, performance drinks |
| X | 7552714 | 10/29/2024 | 10/8/2021 | IC 032: Sports drinks; Sports drinks, namely, performance drinks |

15. The current status and information maintained by the USPTO for each of these registered trademarks are attached hereto as Exhibits A and B.

16. The X Hydration Trademarks are valid and subsisting in full force and effect, and constitute conclusive evidence of X Hydration's exclusive right to use the marks throughout the United States with respect to, *inter alia*, sports drinks.

4

17. The X HYDRATION trademark application was filed on February 7, 2022, and registered on September 17, 2024, with a nationwide priority date of February 7, 2022.

18. The X logo mark application was filed on October 8, 2021, and registered on October 29, 2024, with a nationwide priority date of October 8, 2021.

19. X Hydration's X HYDRATION and X logo trademark registrations cover "Sports drinks; Sports drinks, namely, performance drinks."  X Hydration sells its premium sports drinks under the X HYDRATION and X logo trademarks.

20. X Hydration offers its products for sale, *inter alia*, via its website, https://drinkxhydration.com/, and via the X Hydration Amazon Store, https://www.amazon.com/stores/XHydration/page/70BDE82B-EAD9-46F7-A9ED-A1630A95AF01?ref_=ast_bln.

21. X Hydration currently offers two flavor options, a blue Arctic Berry flavor and a pink Strawberry Lemonade flavor (https://drinkxhydration.com/product/, last accessed November 6, 2024):



22.     X Hydration launched its premium sports drink products nationwide under the X HYDRATION and X logo trademarks at least as early as April 2024.

## DEFENDANT AND ITS UNLAWFUL ACTIVITIES

23.     Upon information and belief, Defendant is in the business of selling sports drinks, and has sought to willfully infringe upon X Hydration's intellectual property rights through its sale of competing and infringing sports drinks.

24.     Upon information and belief, Defendant has registered, maintained, and is responsible for the domain name and corresponding web page at https://drinkprime.com/. The website is used to advertise, offer for sale, sell, and distribute infringing products.

25. Upon information and belief, Defendant, via its website and social media accounts, launched its sports drink products under the marks "X," "PrimeX"/"XPrime," and "X Hydration" on or about June 5, 2024.

26. Defendant prominently advertises for sale sport drinks bearing the "X," "PrimeX"/"XPrime," and "X Hydration" marks on its website homepage (https://drinkprime.com/, last accessed November 6, 2024):



7

27. Defendant prominently features the use of "X" and "X Hydration" on the page of its website where it offers its "X" sports drinks for sale (https://drinkprime.com/products/hydration-x, last accessed November 6, 2024):



28. Like X Hydration, Defendant offers its "X" product in two flavor options, blue (shown above) and pink (https://drinkprime.com/products/hydration-x, last accessed November 6, 2024):



29. Defendant markets its "X" sports drink products with packaging having an X logo that is confusingly similar to X Hydration's federally registered X logo mark:

| U.S. Trademark Reg. No. 7552714 | Prime's Use of "X" |
|---|---|



9

30. Defendant has expressly targeted foreseeable purchasers of X Hydration's products, in the State of Minnesota and elsewhere, via Defendant's promotion and marketing of its product using the "X" and "X Hydration" trademarks.

31. Defendant uses the X Hydration Trademarks to advertise and describe Defendant's products without X Hydration's authorization.

32. Defendant also sells its infringing "X" products through third party distributors that likewise advertise the products using the X Hydration Trademarks (https://www.dickssportinggoods.com/p/prime-x-hydration-drink-16-9-oz-24eyduprmx16zxxxxgen/24eyduprmx16zxxxxgen, last accessed August 30, 2024):



33. Defendant's use of "X," "PrimeX"/"XPrime," and "X Hydration" is likely to cause consumer confusion or mistake as to source of the sports drink products offered

for sale by Defendant, at least because Defendant is selling the same goods under identical or confusingly similar trademarks as the X Hydration Trademarks.

34. Defendant's sports drinks sold under the "X," "PrimeX"/"XPrime," and "X Hydration" marks compete directly with X Hydration's products sold under the X Hydration Trademarks and are sold directly to consumers via the same and/or similar channels of trade.

35. On information and belief, Defendant sells its infringing sports drink products under the "X," "PrimeX"/"XPrime," and "X Hydration" marks in only blue and pink flavors—the same as those offered by X Hydration—with the intent to further confuse the public.

36. The sports drink products sold by both X Hydration and Defendant are relatively low-cost consumer goods, and thus customers are unlikely to exercise a high degree of care in purchasing decisions of such products.

37. X Hydration has been alerted to instances of actual consumer confusion as to source of X Hydration's and Defendant's sports drink products.

38. On July 12, 2024, X Hydration sent Defendant a letter informing Defendant of the X Hydration Trademarks, stating that Defendant's sale of sports drink products using the "X," "XPrime," and "X Hydration" marks was likely to cause consumer confusion, and requesting that Defendant cease all use of the "X," "XPrime," and "X Hydration" marks in connection with sports drink products.

39. On August 7, 2024, counsel for Defendant sent a correspondence indicating that Defendant would not comply with the requests of X Hydration's letter of July 12, 2024.

40. Defendant has continuously advertised and sold sports drink products in the United States under the "X," "PrimeX"/"XPrime," and "X Hydration" marks since on or about June 5, 2024.

41. Defendant's actions complained of herein have been deliberate, willful, malicious and in bad faith, with the intent to mislead consumers and inflict injury on X Hydration.

42. Upon information and belief, Defendant is undertaking all of the above-referenced acts of infringement in the State of Minnesota.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement, 15 U.S.C. §§ 1114 and 1125(a))

43. X Hydration restates and realleges each of the allegations set forth above.

44. X Hydration is the owner of the X Hydration Trademarks registered with the USPTO, which appear on the Principal Register as set forth in Exhibits A and B.

45. Since at least as early as April 2024, X Hydration has used the X Hydration Trademarks in the United States in connection with the marketing and sale of premium sports drinks.

46. During this time, the X Hydration Trademarks have acquired substantial goodwill and a secondary meaning in the mind of the consuming public as identifying goods made and sold by X Hydration.

47. The X Hydration Trademarks are owned by X Hydration and are valid and subsisting in full force and effect.

48. Defendant willfully and knowingly used and continues to infringe upon the X Hydration Trademarks in interstate commerce for purposes of selling sports drinks bearing the X Hydration Trademarks in the United States, without X Hydration's consent.

49. Defendant is not authorized by X Hydration to use the X Hydration Trademarks in any manner.

50. Defendant's unauthorized use of the X Hydration Trademarks on its website and its sale of sports drinks using trademarks confusingly similar or identical to the registered trademarks owned by X Hydration to identify Defendant's goods constitutes use in commerce that has caused or is likely to cause confusion, mistake, or deception of the public as to the source or origin of Defendant's goods.

51. These acts constitute federal trademark infringement of the X Hydration Trademarks in violation of 15 U.S.C. §§ 1114 and 1125(a).

52. Defendant's acts of trademark infringement were committed with the intent to cause confusion and mistake, and to deceive, and to trade on the goodwill of X Hydration.

53. As a result of Defendant's acts of trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a), X Hydration has suffered damages, including lost profits in an amount to be proven at trial, severe and irreparable harm to its trade reputation and goodwill, and has no adequate remedy at law.

54. X Hydration is entitled to recover its damages caused by Defendant's infringement of the X Hydration Trademarks and disgorge Defendant's profits from its willfully infringing sales and unjust enrichment.

55. X Hydration is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendant's infringement and, unless Defendant is permanently enjoined, X Hydration will suffer irreparable harm.

56. X Hydration is entitled to enhanced damages and attorney's fees under 15 U.S.C. § 1117(a) because Defendant has willfully, intentionally, maliciously, and in bad faith infringed on the X Hydration Trademarks.

## SECOND CLAIM FOR RELIEF
**(Trademark Counterfeiting Under 15 U.S.C. §§ 1114 and 1116)**

57. X Hydration restates and realleges each of the allegations set forth above.

58. Defendant's unauthorized use of the X Hydration Trademarks on Defendant's products that are not genuine X Hydration products constitutes use of counterfeit marks identical with, or substantially indistinguishable from the genuine X Hydration Trademarks that are registered on the Principal Register of the USPTO for use in connection with X Hydration's products.

59. Defendant's acts have caused and/or are likely to cause confusion, mistake, or deception as to source, origin, sponsorship, or approval of those goods offered for sale or sold by X Hydration.

60. Defendant's acts constitute use in commerce of reproductions, copies, or colorable imitations of the X Hydration Trademarks in connection with the advertising,

offering for sale, and sale of goods or services, and constitute trademark counterfeiting of the X Hydration Trademarks in violation of 15 U.S.C. §§ 1114(1) and 1116(d).

61.     As a result of Defendant's actions, Defendant has been unjustly enriched and X Hydration has suffered damages, severe and irreparable harm to its trade reputation and goodwill, and has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition and False Designation of Origin, 15 U.S.C. § 1125(a))

62.     X Hydration restates and realleges each of the allegations set forth above.

63.     Defendant has willfully and knowingly used, and continue to use, the X Hydration Trademarks in interstate commerce for the purposes of selling Defendant's products without X Hydration's consent.

64.     The products Defendant advertises and sells bearing the X Hydration Trademarks are not authorized for sale by X Hydration.

65.     The products Defendant advertises and sells bearing the X Hydration Trademarks do not abide by, and interfere with, X Hydration's quality controls and/or requirements, as those products are materially different from X Hydration's genuine products.

66.     Defendant's unauthorized use of the X Hydration Trademarks in view of the manner in which the trademarks are used and displayed together on Defendant's website with Defendant's products, is likely to cause confusion, cause mistake, and/or deceive consumers because it suggests that the products Defendant offers originate with X Hydration and/or are of the same quality as the products originating from X Hydration.

67. Defendant's unauthorized use of the X Hydration Trademarks is likely to cause confusion or mistake, and/or to deceive customers as to the origin of Defendant's goods because it suggests affiliation, connection or association of Defendant with X Hydration.

68. Defendant's unauthorized advertisement and sale of products bearing the X Hydration Trademarks are in violation of 15 U.S.C. § 1125(a) in that Defendant has used in connection with its products a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, and to cause mistake, and to deceive as to the affiliation, connection or association of Defendant's products with X Hydration and as to origin, sponsorship, and approval of Defendant's products.

69. Defendant's unauthorized advertisement and sale of products bearing the X Hydration Trademarks were committed with the intent to cause confusion, mistake and to deceive the public.

70. As a proximate result of Defendant's actions, X Hydration has suffered and will continue to suffer, damages to its business, goodwill, reputation, and profits in an amount to be proven at trial.

71. X Hydration is entitled to recover its damages caused by Defendant's unfair competition, and to disgorge Defendant's profits from its willful acts of unfair competition.

72. X Hydration is entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Defendant's unfair competition and, unless Defendant is permanently enjoined, X Hydration will suffer irreparable harm.

73. X Hydration is entitled to enhanced damages and attorney's fees under 15 U.S.C. § 1117(a) because Defendant's acts of unfair competition were made willfully, intentionally, maliciously, and in bad faith.

### FOURTH CLAIM FOR RELIEF
### Deceptive Trade Practices Under Minnesota Law

74. X Hydration restates and realleges each of the allegations set forth above.

75. Defendant's above-described acts constitute deceptive trade practices in the form of (a) passing off, (b) causing actual confusion, likelihood of confusion, or misunderstanding as to the source, sponsorship, approval, or certification of goods, (c) causing likelihood of confusion or of misunderstanding as to affiliation, connection, association with, or certification by Plaintiffs, and/or (d) engaging in unfair methods of competition, all in violation of Minn. Stat. § 325D.44.

76. Defendant's above-described acts have injured X Hydration and damaged X Hydration in an amount to be determined.

77. By its actions, Defendant has irreparably injured X Hydration. Such irreparable injury will continue unless Defendant is (a) restrained from using and displaying the X Hydration Trademarks on its website and selling sports drinks using trademarks confusingly similar or identical to the X Hydration Trademarks to identify its goods, which are confusingly similar to X Hydration's products, and (b) preliminarily

17

and permanently enjoined by this Court from further violation of X Hydration's rights, for which X Hydration has no adequate remedy at law.

78. As a result of Defendant's willful and malicious conduct, X Hydration is entitled to recover the attorneys' fees and expenses it has incurred in bringing this action pursuant to Minn. Stat. § 325D.45.

## JURY DEMAND

79. A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, X Hydration respectfully requests that the Court award the following relief:

a. A judgment in favor of X Hydration that Defendant has infringed the X Hydration Trademarks;

b. Issuing temporary, preliminary, and permanent injunctions barring Defendant and all other actors acting in concert with it from infringing the X Hydration Trademarks, and/or engaging in any other act likely to confuse, mislead or deceive others into believing that Defendant, or its products, are connected with or sponsored, licensed, or approved by X Hydration, and/or engaging in any other act constituting unfair competition with X Hydration, or constituting an infringement or misappropriation of X Hydration's exclusive rights;

c. A judgment that Defendant has willfully infringed the X Hydration Trademarks;

18

      d.      A judgment and order requiring that Defendant shall account for and pay X Hydration the damages to which X Hydration is entitled as a consequence of Defendant's infringement of the X Hydration Trademarks, such damages to be trebled because of the willful and deliberate character of the infringement;

      e.      A judgment and order requiring that Defendant shall additionally account for and pay X Hydration the damages and or disgorge profits for the period of infringement of the X Hydration Trademarks following the period of damages established by X Hydration at trial;

      f.      A judgment and order that X Hydration is further entitled to pre-judgment and post-judgment interest;

      g.      A judgment and order finding that this case is exceptional and that X Hydration is entitled to its reasonable attorney fees, costs, and expenses that it incurs prosecuting this action under 15 U.S.C. § 1117 and Minn. Stat. § 325D.45; and

      h.      Any and all other award or relief that the Court deems just and equitable.

Dated: November 8, 2024						Respectfully submitted,

*/s/Caroline L. Marsili*
Caroline L. Marsili (#0396595)
Hannah Mosby O'Brien (#0400923)
Carlson, Caspers, Vandenburgh & Lindquist, P.A.
225 South Sixth Street, Suite 4200
Minneapolis, MN 55402
Phone: (612) 436-9600
Facsimile: (612) 436-9605
cmarsili@carlsoncaspers.com
hobrien@carlsoncaspers.com

*Counsel for Plaintiff X Limited Liability Company, d/b/a/ X Hydration*
