UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| X LIMITED LIABILITY COMPANY d/b/a X HYDRATION, | Case No. 24-CV-04151 (PJS/DJF) |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| PRIME HYDRATION LLC, | |
| Defendant. | |

This matter is before the Court on the parties' Stipulation for Protective Order ("Stipulation") (ECF No. 39). The Court **APPROVES** the Stipulation **IN PART**[1]. Based on the Stipulation and for good cause shown, the following shall govern discovery in this case:

1. Counsel for any party may designate, pursuant to Paragraph 4 of this Order, any document or information, in whole or in part, as "Confidential Information" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential shall be stamped "CONFIDENTIAL." Such designation shall apply to all information referring to or relating to any of the foregoing information and documents, including but not limited to copies, summaries, and abstracts thereof.

Counsel for any party may designate, pursuant to Paragraph 4 of this Order, any document or information, in whole or in part, as "Highly Confidential – Outside Counsel's Eyes Only – Information" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is: (a) proprietary and confidential marketing and business

---

[1] Material modifications to the parties' proposal are highlighted for ease of reference.

1

plans, analyses, and strategies that the other parties could utilize to their competitive advantage if they were provided access to them; (b) proprietary and confidential financial information that the other parties could utilize to their competitive advantage if they were provided access to them; and (c) other types of proprietary and confidential trade secrets or information such as lists of customers not publicly known; technical information; pricing, cost, and profitability information; and product research and development plans either not publicly available or available upon the request of a customer that competitors could utilize to their competitive advantage. Information and documents designated by a party as Highly Confidential shall be stamped "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or equivalence thereof. Such designation shall apply to all information referring to or relating to any of the foregoing information and documents, including, but not limited to, copies, summaries, and abstracts thereof.

2. Confidential Information and Highly Confidential – Outside Counsel's Eyes Only – Information shall not include information or material that: (a) was, is, or becomes public knowledge in a manner other than by violation of this Order; (b) is acquired by the non-designating party from a third party having the right to disclose such information or material; or (c) was lawfully possessed by, or lawfully came into the possession of, the non-designating party prior to the entry by the Court of this Order.

3. Confidential Information and Highly Confidential – Outside Counsel's Eyes Only – Information disclosed and/or produced in this matter shall be maintained in confidence by the person receiving such information and shall be used by such person solely in connection with the action and shall not be used in any way for any other purpose, including any business purpose.

4. The following procedures shall be used to identify and designate information as Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information:

(a) In the case of documents and other tangible things, the designating party shall mark such documents or things as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY, " as appropriate, at or prior to the time of production and in a manner so as not to interfere with the legibility of the documents, on each page containing such information to which the designation applies. Documents produced in native format shall be designated by adding "CONF" for Confidential Information or "CONF–OCEO" for Highly Confidential – Outside Counsel's Eyes Only – Information to the end of the Bates number in the file name of the native document, as produced.

(b) In the case of depositions, counsel for the designating party shall within fourteen (14) days of receipt of the final transcript designate, in writing to all counsel of record, that an entire deposition transcript or portions thereof contains Confidential Information or Highly Confidential – Outside Counsel's Eyes Only Information. From the date of the deposition until the end of this 14-day period, all deposition transcripts and the information contained therein shall be deemed Highly Confidential – Outside Counsel's Eyes Only – Information. Counsel for the designating party shall have the right to exclude any person who is not authorized by this Order from attending any deposition and from receiving the designated protected information, but such right of exclusion shall only apply during periods of examination or testimony constituting, involving or relating to such designated protected information.

(c) Third parties producing information in the course of this action may also designate such information as Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information subject to the same protections and constraints on the parties. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All information produced by such third parties shall be treated as Highly Confidential

– Outside Counsel's Eyes Only – Information for a period of 14 days from the date of its production or disclosure, and during that period any party or the third party may designate such information as Confidential Information or Highly Confidential – Outside Counsel's Eyes Only - Information pursuant to the terms of this order. A third party's use of this Order to protect its own information does not entitle it to access any information produced by any party to this action.

     5.     In the event a party challenges another party's designation of confidentiality, it shall make a written objection to the producing party and request any change of designation or redaction that is desired. Counsel for the parties shall confer concerning such objection within three (3) business days and shall make a good faith effort to resolve the dispute. If a resolution is not achieved within seven (7) calendar days after receipt of such written notice, then the objecting party may submit the dispute to the Court for resolution. Until such dispute is resolved by the Court, the documents or information shall retain their designation as Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information and thereafter shall be designated as the Court may direct, provided that nothing contained herein shall be deemed to waive or otherwise limit the right of any party to appeal or seek review from the determination by the Court of any such dispute. Nothing in this Order constitutes an admission by any party that Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information.

     6.     (A) Information designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

(a) Outside Counsel for any party in this action, and Outside Counsel's partners, associates, legal assistants, document clerks, secretaries, stenographers, other office or clerical personnel, and other Outside Counsel employees involved in this action. As used herein, "Outside Counsel" shall mean attorneys who are not officers, directors, shareholders, or employees of a party to this action but are independent attorneys retained to represent or advise a party to this action and whose law firm has appeared in this action on behalf of that party;

(b) Outside photocopy, imaging, database, e-discovery, graphics, jury consultants, translation, and design service providers retained by the outside counsel set forth above in Section 5(a), to the extent necessary, to assist such outside counsel in this litigation;

(c) Not more than four (4) representatives of the receiving party, who may be, but need not be, in-house counsel, to whom disclosure is reasonably necessary for this case, except that any party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(d) Independent outside consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel, provided that (i) such persons are informed of the confidential nature of the information or documents and that this Court has enjoined the user of the information or documents by him/her for any purpose other than this action and has enjoined the disclosure of the information or documents to any other person; (ii) such persons agree to be bound by the provisions of this Order and have executed the Affidavit in the form attached hereto as Exhibit A; and (iii) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Section 6 below. The administrative and

clerical staff of an independent outside consultant or expert shall be deemed to have signed the undertaking in the form attached hereto as Exhibit A when the independent outside expert or consultant supervising such individuals has executed the undertaking;

(e) The Court (including the mediator, or other person having access to any Confidential Information by virtue of their position with the Court)

(f) Any person who appears from the face of the document to have previously authored or received it, for example as an addressee or copyee, or from whose files it was produced; and

(g) Any representative, officer, director, or employee of a designating party, including in deposition questioning, and any other person(s) as to whom the parties mutually agree in writing or on the record in a deposition.

(B) Information designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" shall not be disclosed to any person, except individuals listed in Sections 5(A)(a)-(b) and (d)-(g) of this Order.

Except as provided in Section 5(A) above, no Highly Confidential – Outside Counsel's Eyes Only – Information shall be disclosed to any representative, officer, director, shareholder, or employee of any party except by written agreement of the designating party or further order of this Court.

7. A party in receipt of Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information may disclose such documents or information to an expert or consultant to the receiving party only to the extent necessary for such expert or consultant to prepare a written opinion for use in this litigation, to prepare to testify in this litigation, or to assist counsel in the prosecution or defense of this litigation, subject to the following conditions:

   (a) The expert or consultant agrees to be bound by the terms of this Protective Order by signing an affidavit in the form attached as Exhibit A hereto.

   (b) A party wishing to disclose confidential information shall first give written notice to the party whose information it desires to disclose. The written notice shall contain the following information about the proposed expert or consultant:

     (i) Expert/consultant name and business title;

     (ii) business address;

     (iii) a current curriculum vitae showing employment/consulting history and prior testimony for the past four years; and

     (iv) any and all previous or current professional relationship(s) with the parties whose confidential information is at issue, and any current employment or contractor relationship with any known competitors of the party whose material is proposed to be disclosed (or any known related entities of such competitors). To the extent that specific identification of a consultant's client cannot be provided due to a confidentiality agreement or otherwise, the parties will provide sufficient disclosure that any party producing Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information under this Protective Order can reasonably assess any concerns regarding the disclosure of such information to such consultant;

   (c) The party receiving such notice shall have five (5) business days from receipt to object in writing to such disclosure. Any objection under this paragraph shall be made in good faith and on reasonable grounds and shall take the form of a detailed writing sufficient to apprise the party proposing the disclosure of information of the specific bases for objection. Failure to object within five (5) business days of receiving a written notice pursuant to this paragraph shall be deemed approval, and such person shall thereafter be authorized to have access to information

designated by the objecting party as Confidential Information or Highly Confidential—Outside Counsel's Eyes Only – Information pursuant to the terms and conditions of this Protective Order;

    (d) Should the parties be unable to resolve an objection raised pursuant to subparagraph 7(c), the party objecting shall move the Court for an Order prohibiting such individual's access to the objecting party's Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information. The party proposing disclosure of information shall not disclose any Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information of the objecting party to the proposed expert or consultant during the period for objection, nor during the pendency of any request made to the Court in accordance with this paragraph. No party shall use its right to object to a proposed designee to interfere with the ability of a party to reasonably prepare for trial, and consent to the disclosure of information shall not unreasonably be withheld; and

    (e) Counsel for the receiving party showing, providing, disclosing, or other communicating Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information to any person required to execute an affidavit pursuant to this paragraph shall be responsible for obtaining such signed affidavit and retaining an executed copy thereof.

  8. The disclosure of a document or information without designating it as confidential shall not constitute a waiver of the right to designate such document or information as Confidential Information or Highly Confidential – Outside Counsel Eyes Only – Information at a later time. If so later designated, the document or information shall thenceforth be treated as Confidential Information or Highly Confidential – Outside Counsel Eyes Only – Information subject to all the terms of this Order.  Except in the event where the receiving party challenges the designation under the process outlined in paragraph 5 of this Order (in which case such materials should be treated

according to the procedure outlined in paragraph 5), the receiving party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information prior to the designation are immediately treated as containing Confidential Information or Highly Confidential – Outside Counsel Eyes Only – Information.  In addition, upon receiving such designation, any receiving party that disclosed the Confidential Information or Highly Confidential – Outside Counsel Eyes Only – Information prior to its designation shall exercise its best efforts (i) to ensure the return or destruction of such material in the possession of any persons not authorized to receive such material under this Protective Order, (ii) to ensure that any documents or other information or materials derived from such material are treated as if the material had been designated as Confidential Information or Highly Confidential – Outside Counsel Eyes Only – Information, as applicable, when originally produced, and (iii) to ensure that such material is not further disclosed except in accordance with the terms of this Protective Order.

9. Nothing in this Protective Order shall bar or otherwise restrict any counsel herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying upon his or her examination of documents or information designated as Confidential Information or Highly Confidential – Outside Attorneys' Eyes Only – Information provided, however, that in rendering such advice and in otherwise communicating with his or her clients, counsel shall not make any disclosure of such Confidential Information or Highly Confidential – Outside Counsel Eyes Only – Information.

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and

confidential. A producing party may produce a redacted version of information, documents, or things that contains personal information protected by relevant foreign laws, including but not limited to the GDPR (subject to Section VI(M) of the Stipulated Order Regarding Discovery of Electronically Stored Information), or sensitive PII, such as social security numbers and medical information, identifying where such material was redacted with the designation "Redacted - PII."

11. Nothing in this Protective Order shall be construed to require the disclosure of information, documents, or other tangible things that are protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

12. Inadvertent production of documents or information subject to attorney- client privilege, work product immunity, or any other applicable privilege or immunity shall not necessarily constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity, provided that the designating party notifies the party in receipt of such material, in writing promptly after discovery of such inadvertent production. Such inadvertently produced documents and all copies thereof shall be returned promptly to the designating party or destroyed immediately upon request. Any notes or other writings or recordings that summarize, reflect, or discuss the content of such privileged material shall immediately be destroyed. Any receiving party destroying any information pursuant to this Section shall provide express written confirmation to the producing party upon such destruction. Unless otherwise obtained through legitimate means, no use shall be made of such documents other than to challenge the propriety of the asserted privilege or immunity, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the producing party in order for such party to avail itself of the provisions of this

Section. Notwithstanding the foregoing, nothing in this Order is intended to alter or amend the standards and/or analysis conducted by the Court in considering error, inadvertence, excusable neglect, or absence of negligence and determining whether any waiver may have occurred.

13. Confidential Information or Highly Confidential – Outside Counsel Eyes Only – Information that is filed with the Court, and any pleading, motion paper, affidavit, deposition transcript, brief, memorandum, or other paper filed with the Court disclosing such material, shall be identified as "Confidential" or "Highly Confidential – Outside Counsel's Eyes Only" and filed under **temporary** seal, in which event the parties shall follow the procedures outlined in Local Rule 5.6, except that the joint motion regarding continued sealing required under Local Rule 5.6(d)(2) shall not be due until 21 days after the district judge issues an order resolving the underlying motion(s), or 21 days after the magistrate judge issues an order if the underlying motion(s) will not be presented to a district judge. This deadline is later than the deadline set forth under LR 5.6(d)(2), to allow the parties to address "the role of the material at issue in the exercise of Article III judicial power". *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013). Parties filing documents under seal shall also comply with the Court's Electronic Case Filing Rules & Instructions, the presiding District Judge and Magistrate Judge's Practice Pointers and Preferences, and any applicable court orders.

14. This Order shall not prevent a party from applying to the Court for relief therefrom. In particular, this Order shall not foreclose any party from moving the Court for an order that information or documentation should not have been designated as Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information. On such motion, the party asserting confidentiality shall have the burden of proving that the material in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c) and this Order. Unless and until the Court

rules that the material in question is not properly designated as Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information, the designated information shall continue to be treated as Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information pursuant to the terms of this Order. This Order also shall not foreclose any party from applying to the Court for further or additional protective orders, or from obtaining a written agreement by all parties for the modification of this Order, subject to the approval of the Court.

15. Nothing in this Order shall require a party or its counsel to treat information produced by it in this action as Confidential Information or Highly Confidential – Outside Counsel's Eyes Only Information, and nothing in this Order shall prevent a party or its counsel from disclosing its own information to any person.

16. At the conclusion of litigation, Confidential Information and/or Highly Confidential – Outside Counsel's Eyes Only – Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of dismissal with prejudice or final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. This Order shall survive the final termination of this case except to the extent that the protected information is or becomes known to the public not due to any unauthorized act or omission by any of the parties or otherwise violates this Order.

17. If any party receives a subpoena or demand in another action or other compulsory process commanding production of information and/or documentation designated as Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information that was obtained under the terms of this Order, counsel for such party shall, if there are ten (10) or fewer

days to comply, within three (3) business days, or if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, notify the designating party in writing, and shall not produce the information designated as Confidential Information or Highly Confidential – Outside Counsel's Eyes Only – Information until the designating party has had reasonable time to take appropriate steps to protect the material. It shall be the responsibility of the designating party to obtain relief from the subpoena, demand or compulsory process prior to the due date of compliance, and, to give the designating party an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena, demand or other compulsory process.

18. Execution of the Agreement attached as Exhibit A by a non-party shall not subject that non-party to personal jurisdiction in this Court except for the limited purpose of enforcement of this Order.

**IT IS SO ORDERED**.

Dated: May 13, 2025                               *s/ Dulce J. Foster*
                                                     Dulce J. Foster
                                                     United States Magistrate Judge

<u>Exhibit A</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| X LIMITED LIABILITY COMPANY d/b/a X HYDRATION, ) ) | CASE NO. 24-CV-04151 (PJS/DJF) |
| Plaintiff, ) ) ) | **AFFIDAVIT OF *[NAME OF AFFIANT]*** |
| v. ) ) | |
| PRIME HYDRATION LLC, ) ) | |
| Defendant. | |

I, [Name of Affiant], being duly sworn upon oath and based upon my personal knowledge, depose and say that I have read the attached Protective Order, entered May 12, 2025, concerning the exchange of confidential information in the above-identified action, understand it, and agree to be bound by its terms.

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter have been designated as confidential. I understand that such documents or information disclosed to me labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

I hereby submit to the jurisdiction of the United States District Court for the District of Minnesota for the limited purpose of enforcing that Protective Order and this Affidavit.

DATED: _____, 2025          By: _____

1